Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/09/2025
CT Log Number 548851315

## Service of Process Transmittal Summary

**TO:** Jan White
Huntington Ingalls Industries, Inc.
5220 RIVER ROAD
AVONDALE, LA 70094-2770

**RE:** **Process Served in Louisiana**

**FOR:** Huntington Ingalls Incorporated (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RICHARD HOTARD // To: Huntington Ingalls Incorporated |
| **DOCUMENT(S) SERVED:** | Citation, Petition and Demand, Attachment(s) |
| **COURT/AGENCY:** | Parish of Orleans, Civil District Court, LA<br>Case # 202502746 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/09/2025 at 09:28 |
| **JURISDICTION SERVED:** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of citation upon him (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Kelly A. Ross<br>PHILIP C. HOFFMAN, LLC<br>400 Poydras Street, Suite 1625<br>New Orleans, LA 70130<br>504-822-6050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/09/2025, Expected Purge Date: 04/14/2025<br><br>Image SOP<br><br>Email Notification, Jan White jan.white@hii-co.com<br><br>Email Notification, Shayna Callis shayna.e.callis@hii-co.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

Exhibit A

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Apr 9, 2025
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | HUNTINGTON INGALLS INCORPORATED |
| Case Number | 2025-02746 |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |

**ATTORNEY'S NAME:** Ross, Kelly A 41392
**AND ADDRESS:** 400 Poydras St Ste 1625 , New Orleans, LA 70130

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

**STATE OF LOUISIANA**

**NO: 2025-02746** **DIVISION: B** **SECTION: 11**

**HOTARD, RICHARD**

**Versus**

**TAYLOR-SEIDENBACH, INC., ET AL**

## CITATION

TO: HUNTINGTON INGALLS INCORPORATED, FKA NORTHROP GRUMMAN SHIP SYSTEMS, INC., FKA AVONDALE INDUSTRIES, INC.

THROUGH: ITS REGISTERED AGENT, CT CORPORATION SYSTEM

3867 PLAZA TOWER DRIVE, BATON ROUGE, LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR DAMAGES AND DEMAND FOR JURY

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE**********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA March 25, 2025**

**Clerk's Office, Room 402**
**Civil Courts Building**
**421 Loyola Avenue**
**New Orleans, LA 70112**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** [signature]
**Charnita McCree, Deputy Clerk**

**SHERIFF'S RETURN**
(for use of process servers only)

PERSONAL SERVICE

On this ________ day of ____________________ ________ served a copy of the within

**PETITION FOR DAMAGES AND DEMAND FOR JURY**

ON **HUNTINGTON INGALLS INCORPORATED, FKA NORTHROP GRUMMAN SHIP SYSTEMS, INC., FKA AVONDALE INDUSTRIES, INC.**

THROUGH: **ITS REGISTERED AGENT, CT CORPORATION SYSTEM**

Returned the same day

____________________ No. ____________

Deputy Sheriff of ____________________

Mileage: $ ____________________

____________ / ENTERED / ____________

PAPER RETURN

________ / ________ / ________

SERIAL NO. DEPUTY PARISH

DOMICILIARY SERVICE

On this ________ day of ____________________ ________ served a copy of the within

**PETITION FOR DAMAGES AND DEMAND FOR JURY**

ON **HUNTINGTON INGALLS INCORPORATED, FKA NORTHROP GRUMMAN SHIP SYSTEMS, INC., FKA AVONDALE INDUSTRIES, INC.**

THROUGH: **ITS REGISTERED AGENT, CT CORPORATION SYSTEM**

by leaving same at the dwelling house, or usual place of abode, in the hands of ____________________ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **HUNTINGTON INGALLS INCORPORATED, FKA NORTHROP GRUMMAN SHIP SYSTEMS, INC., FKA AVONDALE INDUSTRIES, INC.** being absent from the domicile at time of said service.

Returned the same day

____________________ No. ____________

Deputy Sheriff of ____________________

Civil Code of Procedures
Article 1001

Art. 1001. Delay for answering

A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

C. The court may grant additional time for answering.

Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

FILED
2025 MAR 20 PM 2:45
CIVIL DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.:** 2025-2746 **SECTION:** B-11 **DIVISION:**

**RICHARD HOTARD**

**VERSUS**

**TAYLOR-SEIDENBACH, INC., ET AL.**

**FILED:** ____________________ ____________________

**DEPUTY CLERK**

**PETITION FOR DAMAGES AND DEMAND FOR JURY**

COMES NOW Petitioner, RICHARD HOTARD, by and through undersigned counsel, who respectfully states the following:

**1.**

Petitioner, RICHARD HOTARD, is an adult domiciliary of Lafourche Parish, State of Louisiana.

**2.**

Made Defendants herein are the following: either foreign corporations licensed to do and doing business in the State of Louisiana, domestic corporations licensed to do and doing business in the State of Louisiana, or individuals that are liable unto the Petitioner for the claims asserted herein:

**ASBESTOS MINERS/MANUFACTURERS/ SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS**

A. TAYLOR-SEIDENBACH, INC.

B. AMDURA, LLC, f/k/a American Hoist & Derrick Company, f/k/a American Crane Corporation

C. AMERICAN HONDA MOTOR CO, INC.

D. BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, f/k/a Bridgestone Firestone North American Tire, LLC

E. BRIGGS AND STRATTON CORPORATION

F. BW/IP, INC., individually, and as successor-in-interest to Wilson-Snyder Manufacturing Company

G. BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION

H. CARLISLE INDUSTRIAL BRAKE & FRICTION

I. CARRIER CORPORATION

J. CATERPILLAR INC.

K. CATERPILLAR GLOGAL MINING, LLC

L. CLYDE UNION, INC. f/k/a UNION PUMP COMPANY

M. CUMMINS, INC.

N. DAIMLER TRUCK NORTH AMERICA LLC f/k/a f/k/a FREIGHTLINER TRUCKS NORTH AMERICA f/k/a FREIGHTLINER LLC f/k/a FREIGHTLINER CORPORATION

O. DCO, LLC, f/k/a DANA COMPANIES LLC

P. EAGLE, INC.

Q. EATON CORPORATION, individually, and as successor to Cutler Hammer

R. ENERPAC TOOL GROUP CORP.

S. FEDERAL-MOGUL MOTORPARTS LLC

T. FLOWSERVE US INC., solely as successor to Edward Valves Inc., Rockwell Manufacturing Company, Nordstrom Valves Inc., and McCanna Corporation

U. FMC CORPORATION, on behalf of its former Construction Equipment Group, on behalf of its former Stearns Businesses, as successor-in-interest to LINK-BELT

V. FORD MOTOR COMPANY

W. FOSTER WHEELER LLC

X. G. DENVER AND CO., LLC f/k/a GARDNER DENVER, INC.

Y. GENERAL ELECTRIC COMPANY

Z. GENUINE PARTS COMPANY

AA. GOODRICH CORPORATION f/k/a The B.F Goodrich Company

BB. HENNESSY INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMMCO TOOLS INC.

CC. HOLLEY PERFORMANCE PRODUCTS, INC.

DD. HUSQVARNA PROFESSIONAL PRODUCTS, INC.

EE. INTERNATIONAL PAPER COMPANY

FF. ISUZU MOTORS AMERICA, LLC

GG. LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Corporation and Hopeman Brothers, Inc.

HH. MACK TRUCKS, INC.

II. METROPOLITAN LIFE INSURANCE COMPANY

JJ. MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AS SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION

KK. NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK AND ENGINE CORPORATION f/k/a NAVISTAR INTERNATIONAL TRANSPORTATION CORP. f/k/a NAVISTAR INTERNATIONAL CORPORATION f/k/a INTERNATIONAL HARVESTER COMPANY f/k/a INTERNATIONAL HARVESTER CORPORATION

LL. NISSAN NORTH AMERICA, INC.

MM. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation

NN. PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION

OO. STANDARD MOTOR PRODUCTS, INC.

PP. TOYOTA MOTOR SALES, U.S.A., INC.

QQ. UNION CARBIDE CORPORATION

RR. VALVES & CONTROLS, US, INC. f/k/a WEIR VALVES & CONTROLS, USA, INC., f/k/a ATWOOD & MORRILL

SS. VELAN VALVE CORPORATION

TT. VOLKSWAGEN GROUP OF AMERICA INC.

**PREMISES OWNERS/EMPLOYERS/EXECUTIVE OFFICERS**

UU. HUNTINGTON INGALLS INCORPORATED, fka Northrop Grumman Ship Systems, Inc., fka Avondale Industries, Inc. ("Avondale")

VV. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as the liability insurer of the following Executive Officers of Avondale Industries, Inc.: Albert Bossier, Jr.; C. Edwin Hartzman; Earl Spooner; Ewing Moore; George Kelmell; Henry "Zac" Carter; Hettie Margaret "Dawes" Eaves; J. Melton Garrett; James O' Donnell; James T. Cole; John Chantrey; John McCue; Ollie Gatlin; Peter Territo; and Steven Kennedy

WW. THE TRAVELERS INDEMNITY COMPANY, as the Liability Insurer of the following Avondale Executive Officers on Issues of Liability and Damages Only: Albert Bossier, Jr.; C. Edwin Hartzman; Earl Spooner; Ewing Moore; George Kelmell; Henry "Zac" Carter; Hettie Margaret "Dawes" Eaves; J. Melton Garrett; James O' Donnell; James T. Cole; John Chantrey; John McCue; Ollie Gatlin; Peter Territo; and Steven Kennedy

**TALC DEFENDANTS**

XX. BAYER HEALTHCARE LLC, as subsidiary of Bayer AG for its Dr. Scholls line of products

YY. MERCK SHARP & DOHME LLC (a subsidiary of Merck & Co., Inc.), as successor for Dr. Scholls LLC

3.

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendants, Taylor-Seidenbach, Inc. and Eagle, Inc., are domestic corporations licensed to do business in this State and have designated as their primary business office and/or primary place of business in Louisiana as Orleans Parish.

4.

This action is within the jurisdiction of the Court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of mesothelioma and, therefore, each is solidarily liable to Petitioner with Defendants, Taylor-Seidenbach, Inc. and Eagle, Inc., domiciled in Orleans Parish.

5.

The damages sought by Petitioner, exclusive of interest and costs, exceed the minimum jurisdictional limits of the Court.

**BACKGROUND**

6.

Petitioner, RICHARD HOTARD, suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold, supplied, and/or maintained by the defendants, which exposure ultimately resulted in his contraction of mesothelioma in February of 2025. Petitioner was exposed to asbestos-containing products in the following ways:

a. In 1965, Mr. Hotard began working at Avondale as a tack welder and later in the safety department. His job duties included, but were not limited to, remodeling vessels and tearing out insulation; he also experienced bystander asbestos exposures by working in close proximity to equipment in engine rooms. At Avondale, Mr. Hotard worked with and around others using asbestos containing materials.

b. In March of 1970 thru early 1973, Mr. Hotard returned to work at Avondale. His job duties again included working with and around others using asbestos containing products.

c. After leaving Avondale in 1973, Mr. Hotard began his career as an automotive mechanic. He worked at various dealerships in Southern Louisiana and on his and family member's personal vehicles. He performed automotive service work and handled automotive parts, including but not limited to brakes, clutches, engines, gaskets, compressors, and pumps on vehicles, commercial trucks, and cranes. Petitioner's work with and around others who were performing automotive service work and parts handling exposed him to asbestos and caused him to inhale asbestos fibers through personal contact with asbestos-containing equipment and products, and through contact with other mechanics whose clothing was contaminated with asbestos dust as result of the automotive parts handling and automotive mechanic work. Petitioner was also exposed to and inhaled asbestos fibers as a result of the asbestos dust generated during the handling and work with asbestos-containing

equipment and automotive parts that deposited on the surfaces of the various dealerships and the clothing of Petitioner and others working at the various locations. In connection with his mechanic work, Petitioner suffered direct and bystander exposure from various asbestos and asbestos-containing equipment, products, and materials that were designed, manufactured, sold, supplied, used, and/or maintained by the Defendants.

d. In addition, Petitioner was a lifelong user of Dr. Scholls foot powder. While using the talcum powder, dust was created which he breathed.

All of the above exposures subsequently caused Petitioner's development of mesothelioma.

**7.**

Before and during Petitioner's exposure period, each of the Defendants designed, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied, and/or sold asbestos-containing materials ("ACM") for use at sites where Petitioner was exposed to ACMs.

**8.**

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related lung cancer, pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

**9.**

Each of the defendants knew or should have known, through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

**10.**

As a direct and proximate result of having inhaled, ingested, or otherwise been exposed to ACMs as described above, Petitioner contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Petitioner's malignant mesothelioma was diagnosed in or around March 24, 2025.

**11.**

Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, Petitioner did not know, and reasonably could not have known, that his injuries were caused by his asbestos exposure until (at the earliest) less than one year prior to the filing of the original Petition for Damages.

12.

Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, including but not limited to, the Outer Continental Shelf. Petitioner also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

**COUNT I: GENERAL NEGLIGENCE ALLEGATIONS**
**(All Defendants)**

13.

On information and belief, all Defendants identified in Paragraph 2 above were responsible to provide Petitioner with warnings concerning hazardous conditions at their sites or relating to their hazardous ACMs and generally to provide Petitioner with safe premises in order to protect the life, health, safety, and welfare of Petitioner, including the following responsibilities:

A. Inspection, approval and supervision of these various ACMs and premises for hazards and vices that may present a hazard to Petitioner;

B. To see that proper safety rules were adopted, promulgated, and enforced concerning the use and handling of hazardous materials that may present harm to people like Petitioner;

C. To see that workers performed their duties pertaining to their work in a proper, safe, and workmanlike manner so as not to present an unreasonable risk of harm to the workers, as well as to Petitioner;

D. To see that the Defendants and their employees used safe and sound principles and practices in their work involving the use and storage of hazardous materials;

E. To make health and hygiene decisions on any and all questions regarding the use of respiratory protection devices involving the use and storage of hazardous materials;

F. To keep abreast of state-of-the-art knowledge, as it pertains to the dangers of asbestos inhalation, involving the use and storage of hazardous materials;

G. To provide adequate warnings, safety equipment, ventilation, and breathing apparatus in order to prevent Petitioner from being harmed by exposure to asbestos in the environment in which he was required to be present;

H. To make certain that Petitioner was provided a safe environment, free from asbestos dust inhalation and operations free from asbestos dust;

I. To measure the levels of asbestos dust in the premises working environment;

J. To comply with applicable state and federal regulations regulating exposure to asbestos, including but not limited to, those regulations promulgated by the U. S. Department of Labor pursuant to the Walsh/Healy Act and the Occupational Safety and Health Act; and

K. To warn Petitioner of the dangers posed by the polluted atmosphere in which he

worked including but not limited to the risk of asbestosis, pleural disease, mesothelioma, lung cancer, other cancers, and the carcinogenic effect of the risk of lung cancer caused by asbestos exposure to persons with pre-existing smoking habits from the handling and use of asbestos.

**14.**

Not only did Defendants have the duties and responsibilities set forth in the immediately preceding Paragraph, but they also negligently failed to meet those duties and assumed other duties in the manner asserted in the following paragraphs.

**15.**

Upon information and belief, Defendants knew of the dusty atmospheres in which Petitioner worked, which were damaging and dangerous to Petitioner. Each knew, or should have known, of the dangers to Petitioner's health posed by working in an atmosphere polluted with asbestos dust without proper protection or warnings. Petitioner alleges that Defendants knew or should have known that injuries, including but not limited to respiratory illness, could have been avoided by the use of adequate ventilation, warnings, packaging, and safety equipment.

**16.**

Petitioner was exposed to asbestos or asbestos containing products as a result of the negligence, defective design, manufacture, distribution, marketing, sale, supply, and/or use of asbestos products by Defendants identified in Paragraph 2 above. Petitioner alleges that the negligence and other misconduct of these Defendants are/were a proximate cause of his injuries.

**17.**

Defendants were distributors, contractors, manufacturers, sellers, users, distributors, or suppliers of ACMs and were engaged in the business of using, manufacturing, or facilitating the manufacture of ACMs; represented themselves as manufacturers of ACMs; or were professional vendors of ACMs, all of which expected the ACMs to reach the Employer and Premises Defendants' facilities with said ACMs reaching same.

**18.**

The products mined, manufactured, sold, distributed, supplied, shipped, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to Petitioner, who was an intended and foreseeable user and bystander exposed to these products. The defects included, without limitation:

A. The mining, manufacture, sale, supply, distribution and/or use of products that are

unreasonably dangerous, or unreasonably dangerous *per se*;

B. The mining, manufacture, sale, supply, distribution and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably exposed to them in as a result of their intended use;

C. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. Failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. Failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products mined, manufactured, sold, distributed and/or supplied;

K. Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L. Over-warranting the safety of these products that were manufactured, sold, supplied, or used by Defendants.

Petitioner alleges strict liability for things in Defendants' *garde*, possession, custody, or control, pursuant to Article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

**19.**

The defective conditions of Defendants' products and fault, as noted above, were a proximate cause of Petitioner's injuries.

**20.**

Petitioner also alleges that each and every one of these Defendants were also negligent in engaging in the substandard conduct described above and that this negligence was also a proximate cause of Petitioner's injuries.

**21.**

The negligence of Defendants was a substantial factor in, and contributed to, causing damages to Petitioner.

**COUNT II: STRICT LIABILITY OF ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/CONTRACTORS/DISTRIBUTORS**

**22.**

Defendants identified in Paragraph 2 above as asbestos miners, manufacturers, sellers, suppliers, contractors, and/or distributors of ACMs were engaged in or materially participated in the business of manufacturing, or assisted in the manufacturing, or facilitated the manufacturing of ACMs, or represented themselves as manufacturers of ACMs, or are professional vendors of ACMs, which were expected to and did reach the Petitioner's job sites where he was exposed to them.

**23.**

The products manufactured, distributed, supplied, sold, and/or used by these Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se* to the Petitioner, who was an intended and foreseeable user and bystander that was exposed to these products. These defects include, without limitation, the following:

A. The manufacture, sale, supply and/or use of products that are unreasonably dangerous, or unreasonably dangerous *per se*;

B. Manufacture, sale, supply and/or use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them in the petitioner's trade;

C. Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

D. Lack of safety instructions or sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

E. Failure of Defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

F. Failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

G. Failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

H. Failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were

readily available;

I. Defects in the composition and construction of these products;

J. Failure to recall these products manufactured, sold and/or supplied;

K. Failure to properly package these products so that they could be safely transported, handled, stored and/or disposed of; and

L. Over warranting the safety of these products.

**24.**

These Defendants are liable to Petitioner in strict liability for things in their *garde*, possession, custody, or control pursuant to article 2317 of the Louisiana Civil Code that have caused harm to Petitioner.

**COUNT III: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST THE PREMISES DEFENDANTS**

**25.**

Pursuant to La. Civil Code Article 2317 and 2322, Petitioner alleges a claim for strict liability against the Premises Defendants identified in Paragraph 2 above for failing to provide Petitioner with a safe place in which to work, free from the hazards of asbestos, which failure was a proximate cause of his injuries.

**26.**

The premises whereon Petitioner was exposed to asbestos were owned by or in the custody of these Premises Defendants and were unreasonably dangerous due to the presence and use of ACMs without adequate precautions taken to minimize the risk of exposure and no warning of that risk. These unreasonably dangerous conditions were a direct and proximate cause of Petitioner's injuries.

**27.**

These Premises Defendants negligently, recklessly, or because of gross negligence, fault, or strict liability, failed to properly discharge their duties to Petitioner in the following particulars:

A. Failure to provide Petitioner with a safe place to work;

B. Failure to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, and air monitoring;

C. Failure to inform or warn Petitioner of the hazards of asbestos exposure.

D. Failure to provide the Petitioner with safety equipment;

E. Failure to provide the Petitioner with correct, adequate, or proper safety equipment;

F. Recklessly and negligently failed to disclose, warn, or reveal critical medical and safety information to Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the work site;

G. Negligently omitted to reveal critical medical and safety information from Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

H. Failure to timely remove asbestos hazards from the workplace;

I. Failure to properly supervise or monitor the work areas for compliance with safety regulations;

J. Failure to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

K. Failure to use adequate engineering or industrial hygiene measures to control the level of exposure to asbestos at the worksites, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, and air monitoring.

**28.**

These specific acts of fault were a proximate cause of Petitioner's injuries. During the course of Petitioner's work, Petitioner was exposed to asbestos and/or asbestos-containing products which were in the care, control, and custody of these Premises Defendants. Because of the extreme hazard it poses to humans, asbestos constitutes a defect or vice in the products to which Petitioner was exposed, which defect, or vice, was a cause in fact of Petitioner's injuries described herein. Accordingly, these Premises Defendants are strictly liable to Petitioner in accordance with Louisiana Civil Code article 2315 and 2317.

**29.**

During the course of Petitioner's work, he was exposed to asbestos released from these Premises, which releases were a cause in fact of Petitioner's injuries described herein. Accordingly, these Premises Defendants are strictly liable to Petitioner in accordance with, but not limited to, Louisiana Civil Code article 2315, former Louisiana Civil Code articles 660 and 669, and *Langlois v. Allied Chemical Corp*, 249 So.2d 133 (La. 1971).

**30.**

The Premises Defendants knew or should have known that asbestos posed a hazard to humans and that there were specific engineering and industrial hygiene controls that could reduce

the levels of airborne asbestos fibers, but nonetheless failed to or suppressed, through silence, neglect or inaction, the truth regarding asbestos to Petitioner so as to obtain an unjust advantage for themselves over and at the expense of Petitioner or to cause loss or inconvenience to Petitioner. This action or inaction by these Premises Defendants was a direct and proximate cause of the damages described herein.

**31.**

During the course of Petitioner's work at the afore-stated Defendants' premises/facilities, the ACMs that contributed to Petitioner's exposure were all within the care, custody, and control of the respective Defendants, and Defendants are therefore strictly liable for Petitioner's injuries pursuant to Louisiana Civil Code Articles 660, et seq., 2315, 2317, or 2322.

**COUNT IV: STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST PETITIONER'S EMPLOYERS AND ITS EXECUTIVE OFFICERS**

**32.**

Petitioner was exposed to ACMs through and as a result of his work while employed by Avondale. Petitioner's exposure to asbestos occurred without fault on his part. These Defendants are liable for injuries, as alleged, arising out of their negligent conduct as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of asbestos-containing dust.

**33.**

As a direct and proximate contributing result of having inhaled, ingested, or otherwise having been exposed to asbestos, Petitioner suffered injuries, both physical and mental, including, without limitation, all of the ramifications and damages of malignant mesothelioma.

**34.**

These Defendants negligently, recklessly, willfully, or because of gross negligence or fault, failed to properly discharge its duties to Petitioner in the following particulars:

A. Failed to provide Petitioner with a safe work environment;

B. Failed to provide Petitioner with necessary and proper safety equipment;

C. Failed to provide Petitioner with adequate engineering or industrial hygiene measures to control the level of exposure to asbestos, including but not limited to, local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, air monitoring, and procedures to prevent the transportation of asbestos fibers home on Petitioner's clothing;

D. Failed to disclose, warn, or reveal critical medical and safety information to Petitioner regarding asbestos hazards in general and with regard to those specific

hazards at the work site;

E. Recklessly concealed and negligently omitted to reveal critical medical and safety information from Petitioner regarding the safety and health risks associated with the ACMs at the worksites;

F. Failed to timely remove asbestos hazards from the workplace;

G. Failed to properly supervise or monitor the work areas for compliance with safety regulations;

H. Failed to provide safe and suitable means of eliminating the amount of asbestos dust in the air;

I. Failed to monitor for the presence and/or concentration of airborne asbestos within the work environment of Petitioner's breathing zone;

J. Failed to provide or recommend medical monitoring to detect the onset of asbestos-related injury; and

K. Failed to use adequate engineering or industrial hygiene measures to control the level of exposure to asbestos at the worksites, including but not limited to local exhaust, general ventilation, respiratory protection, segregation of work involving asbestos, use of wet methods to reduce the release of asbestos into the ambient air, medical monitoring, and air monitoring.

**35.**

The above-described negligence and fault of these Defendants was a proximate cause of the Petitioner's injuries.

**COUNT V: TALC DEFENDANTS**
**(Applies only to the TALC DEFENDANTS)**

**36.**

Petitioner repeats and reiterates the prior allegations of this complaint as if alleged more fully below.

**37.**

For all pertinent times, TALC DEFENDANTS purchased, sold, and distributed PRODUCTS, which Petitioner purchased, used, and personally applied, causing his injuries and illnesses.

**38.**

At all pertinent times, TALC DEFENDANTS had a duty to exercise reasonable care to consumers, including Petitioner herein, in the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling and/or sale of the PRODUCTS.

29.

At all pertinent times, TALC DEFENDANTS were not providing and still have not provided warnings to consumers of the PRODUCTS of the risk of cancers, including mesothelioma, posed by talc contained therein.

40.

TALC DEFENDANTS are liable to Petitioner as a professional vendor of these PRODUCTS, and as such, because of the Defendants' size, volume of business and merchandising practices, knew or should have known of the defects of the products it sold, and are strictly liable and negligent for failing to warn the users of potential health hazards from the use of said products.

41.

TALC DEFENDANTS unsafely marketed its talcum products as uniquely safe and non-carcinogenic, at times when Defendants knew or should have known such claims were false and/or without adequate scientific support. As a consequence of Defendants' misrepresentations, customers, and ultimate users of the products, including Petitioner, were deceived as to the true nature and extent of the health hazards posed by Defendants' PRODUCTS.

42.

TALC DEFENDANTS are liable to Petitioner for the suffering and injuries from a disease, namely, mesothelioma, caused by his foreseeable use of the Defendants' talcum products, because TALC DEFENDANTS' fraudulent misrepresentations were detrimentally relied upon by Petitioner who was exposed to its talcum products.

43.

TALC DEFENDANTS are liable to Petitioner because it knew or should have known that the talcum products, which it sold and supplied, were unreasonably dangerous in normal use, and its failure to communicate this information constitutes negligence. This negligence was the cause of Petitioner's injuries including, but not limited to, mesothelioma, and other ill health effects.

**DAMAGES**

44.

By reason of the Defendants' concurrent and indivisible fault resulting in their solidary liability, as described above, and because of the injuries to the Petitioner, he is entitled to recover, exclusive of interest and costs and in excess of the minimum jurisdictional limits of the Court, for

his damages as follows:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future mental pain, suffering, anguish, and distress;

C. Past, present, and future medical expenses and rehabilitation;

D. Past, present, and future disability;

E. Disfigurement suffered by Petitioner;

F. Past, present, and future lost earnings;

G. Loss of enjoyment and quality of life; and

F. Any other losses, damages, costs, and interest that are established at the trial or that Petitioner is legally entitled to in this matter.

WHEREFORE, Petitioner, RICHARD HOTARD, prays that all Defendants named in this Petition for Damages be cited to appear and answer as the law directs, and that, after due proceedings are had, Petitioner recovers of and from the Defendants individually, jointly, and *in solido* in an amount which the evidence may show proper at the time of trial, together with costs, and legal interest from the date of judicial demand until paid, and for such other and further relief, special and general, as law and equity may permit.

**DEMAND FOR TRIAL BY JURY**

Petitioner is entitled to, and specifically requests, a trial by jury of all issues of fact herein.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
Kelly A. Ross, LA Bar No. 41392
400 Poydras Street, Suite 1625
New Orleans, LA 70130
Telephone: (504) 822-6050
Facsimile: (504) 313-3911
Email: *phil@pchlawfirm.com*
*dayal@pchlawfirm.com*
*kelly@pchlawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
*yahnah@pchlawfirm.com*

**COUNSEL FOR PETITIONER**



A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THIS PETITION FOR DAMAGES AND DEMAND FOR JURY:**

1. TAYLOR-SEIDENBACH, INC.
   Through Its Registered Agent
   Hal Shepard
   731 South Scott Street
   New Orleans, LA 70119

2. AMDURA, LLC, f/k/a American Hoist & Derrick Company, f/k/a American Crane Corporation
   *Via the Louisiana Long Arm Statute*
   Through its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

3. AMERICAN HONDA MOTOR CO, INC.
   Through Its Registered Agent Corporation Service Company
   450 Laurel Street, 8th Fl
   Baton Rouge, LA 70805

4. BAYER HEALTHCARE LLC, as subsidiary of Bayer AG for its Dr. Scholls line of products
   Through Its Registered Agent
   Corporation Service Company
   450 Laurel Street, 8th fl
   Baton Rouge, LA 70801

5. BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, f/k/a Bridgestone Firestone North American Tire, LLC
   Through its Registered Agent
   United Agent Group, Inc.
   1070-B West Causeway Approach Mandeville, LA 70471

6. BRIGGS AND STRATTON CORPORATION
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   Corporation Service Company
   800 Corporate Center Parkway, Suite 100
   Milwaukee, WI 53202

7. BW/IP, INC., individually, and as successor-in-interest to Wilson-Snyder Manufacturing Company
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

8. BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

9. CARLISLE INDUSTRIAL BRAKE & FRICTION
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

10. CARRIER CORPORATION
    Through its Registered Agent
    United Agent Group, Inc.
    1070-B West Causeway Approach Mandeville, LA 70471

11. CATERPILLAR GLOGAL MINING, LLC
    Through Its Registered Agent
    Corporation Service Company
    450 Laurel Street, 8th Floor
    Baton Rouge, LA 70801

12. CATERPILLAR INC.
    Through Its Registered Agent
    Corporation Service Company
    450 Laurel Street, 8th Floor
    Baton Rouge, LA 70801

13. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as the liability insurer of certain Executive Officers of Avondale Industries, Inc.
    Via the Direct Action Statute
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

14. CLYDE UNION, INC. f/k/a UNION PUMP COMPANY
    Through Its Registered Agent
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA 70802

15. CUMMINS, INC.
    Through Its Registered Agent Corporation Service Company
    450 Laurel Street, 8th fl
    Baton Rouge, LA 70801

16. DAIMLER TRUCK NORTH AMERICA LLC f/k/a f/k/a FREIGHTLINER TRUCKS NORTH AMERICA f/k/a FREIGHTLINER LLC f/k/a FREIGHTLINER CORPORATION
    Through its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

17. DCO, LLC, f/k/a DANA COMPANIES LLC
    *Via the Louisiana Long Arm Statute*
    Through Its Registered Agent
    CT Corporation System
    4701 Cox Road, Ste 285
    Glen Allen, VA 23060

18. EAGLE, INC.
Through Its Registered Agent
Susan B. Kohn
1100 Poydras Street, 30th Floor
New Orleans, LA 70163

19. EATON CORPORATION, individually, and as successor to Cutler Hammer
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

20. ENERPAC TOOL GROUP CORP.
*Via the Louisiana Long Arm Statute*
Through its Registered Agent
CT Corporation System
301 S. Bedford St. Ste 1
Madison, WI 53703

21. FEDERAL-MOGUL MOTORPARTS LLC
Through Its Registered Agent
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471

22. FLOWSERVE US INC., solely as successor to Edward Valves Inc., Rockwell Manufacturing Company, Nordstrom Valves Inc., and McCanna Corporation
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

23. FMC CORPORATION, on behalf of its former Construction Equipment Group, on behalf of its former Stearns Businesses, as successor-in-interest to LINK-BELT
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

24. FORD MOTOR COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

25. FOSTER WHEELER LLC
Through Its Registered Agent
United Agent Group, Inc.
1070 B. West Causeway Approach
Mandeville, LA 70471

26. G DENVER AND CO., LLC f/k/a GARDNER DENVER, INC.
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

27. GENERAL ELECTRIC COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

28. GENUINE PARTS COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

29. GOODRICH CORPORATION f/k/a The B.F Goodrich Company
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
CT Corporation System
28 Liberty Street
New York, NY 10005

30. HENNESSY INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMMCO TOOLS INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

31. HOLLEY PERFORMANCE PRODUCTS, INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Corporation Service Company
421 WEST MAIN STREET
FRANKFORT, KY 40601

32. HUNTINGTON INGALLS INCORPORATED, fka Northrop Grumman Ship Systems, Inc., fka Avondale Industries, Inc.
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

33. HUSQVARNA PROFESSIONAL PRODUCTS, INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

34. INTERNATIONAL PAPER COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr., 2nd Floor
Baton Rouge, LA 70816

35. ISUZU MOTORS AMERICA, LLC
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th fl
Baton Rouge, LA 70801

36. LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Corporation and Hopeman Brothers, Inc.
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

37. MACK TRUCKS, INC.
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

38. MERCK SHARP & DOHME LLC (a subsidiary of Merck & Co., Inc.), as successor for Dr. Scholls LLC
Through its Registered Agent
CT Corporation Systems
3867 Plaza Tower Drive
Baton Rouge, LA 70816

39. METROPOLITAN LIFE INSURANCE COMPANY
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

40. MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AS SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION
*Via the Louisiana Long Arm Statute*
Through its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

41. NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK AND ENGINE CORPORATION f/k/a NAVISTAR INTERNATIONAL TRANSPORTATION CORP. f/k/a NAVISTAR INTERNATIONAL CORPORATION f/k/a INTERNATIONAL HARVESTER COMPANY f/k/a INTERNATIONAL HARVESTER CORPORATION
Through its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

42. NISSAN NORTH AMERICA, INC.
Through Its Registered Agent Corporation Service Company
450 Laurel Street, 8th Fl
Baton Rouge, LA 70805

43. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation
Through its Registered Agent
Corporation Service Company
450 Laurel Street, 8th fl.
Baton Rouge, LA 70801

44. PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION
*Via the Louisiana Long Arm Statute*
Through its Registered Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

45. STANDARD MOTOR PRODUCTS, INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Samuel Bleichfeld
37-18 Northern Boulevard
Long Island, NY 11101

46. TOYOTA MOTOR SALES, U.S.A., INC.
Through Its Registered Agent
C.T. Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

47. THE TRAVELERS INDEMNITY COMPANY, as the Liability Insurer of certain Avondale Executive Officers
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

48. UNION CARBIDE CORPORATION
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

49. VALVES & CONTROLS, US, INC. f/k/a WEIR VALVES & CONTROLS, USA, INC., f/k/a ATWOOD & MORRILL
*Via the Louisiana Long Arm Statute*
Through its Principal Office
29 Old Right Road
Ipswich, MA 01938

50. VELAN VALVE CORPORATION
*Via the Louisiana Long Arm*
Through Its Registered Agent
Corporation Service Company
100 North Main Street, Suite 2
Barre, VT 05641

51. VOLKSWAGEN GROUP OF AMERICA INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

**NO.: 2025-2746** **SECTION: 11** **DIVISION: B**

**RICHARD HOTARD**

**VERSUS**

**TAYLOR-SEIDENBACH, INC., ET AL.**

**FILED:** ______________________ ______________________

**DEPUTY CLERK**

**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

COMES NOW Petitioner, RICHARD HOTARD, by and through undersigned counsel, who files this his first supplement and amendment to the original *Petition for Damages and Demand for Jury* herein the following respects:

**I.**

By supplementing and amending Paragraph Two of the original Petition for Damages to add the following defendants:

**ASBESTOS MINERS/MANUFACTURERS/SELLERS/ SUPPLIERS/CONTRACTORS/DISTRIBUTORS AND THEIR INURERS**

ZZ. 3M COMPANY

AAA. FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to the Felt-Products Manufacturing Co.

BBB. GOODYEAR TIRE AND RUBBER COMPANY

CCC. PERFECTION HY-TEST CO., individually and as the manufacturer of Zoom Performance Products

**II.**

Petitioner reiterates all matters contained in the original Petition for Damages, specifically each and every paragraph, and alleges the same against these Defendants, including the original petition prayer as though set forth at length herein.

**III.**

To the extent that certain matters, claims, and/or parties have been dismissed in the captioned case, Petitioner does not re-urge those claims, allegations, and/or matters that have been the subject of joint or consent orders/judgments and/or motions to dismiss.

WHEREFORE, Petitioner prays that his petitions be supplemented and amended as to the above particulars and that, after due proceedings had, there be judgment herein in favor of Petitioner in appropriate amounts to be determined by the fact finder, said judgments against all

defendants, jointly, severally, and *in solido*, with said amounts to bear legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully submitted,

PHILIP C. HOFFMAN, LLC

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
Kelly A. Ross, LA Bar No. 41392
400 Poydras Street, Suite 1625
New Orleans, LA 70130
Telephone: (504) 822-6050
Facsimile: (504) 313-3911
Email: *phil@pchlawfirm.com*
*dayal@pchlawfirm.com*
*kelly@pchlawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
*yahnah@pchlawfirm.com*

**COUNSEL FOR PETITIONER**

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH THE ORIGINAL PETITION FOR DAMAGES AND DEMAND FOR JURY AND THIS FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES:**

1. 3M COMPANY
Through Its Registered Agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

2. FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST, as successor to the Felt-Products Manufacturing Co.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Rodney Square North
1100 N. Market St.
Wilmington, DE 19890

3. THE GOODYEAR TIRE AND RUBBER COMPANY
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

4. PERFECTION HY-TEST CO., individually and as the manufacturer of Zoom Performance Products
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
United States Corporation Company
251 Little Falls Drive
Wilmington, DE 19808

**PLEASE HOLD SERVICE OF THIS FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES TO THE FOLLOWING DEFENDANTS:**

1. TAYLOR-SEIDENBACH, INC.
   Through Its Registered Agent
   Hal Shepard
   731 South Scott Street
   New Orleans, LA 70119

2. AMDURA, LLC, f/k/a American Hoist & Derrick Company, f/k/a American Crane Corporation
   *Via the Louisiana Long Arm Statute*
   Through its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

3. AMERICAN HONDA MOTOR CO, INC.
   Through Its Registered Agent Corporation Service Company
   450 Laurel Street, 8th Fl
   Baton Rouge, LA 70805

4. BAYER HEALTHCARE LLC, as subsidiary of Bayer AG for its Dr. Scholls line of products
   Through Its Registered Agent
   Corporation Service Company
   450 Laurel Street, 8th fl
   Baton Rouge, LA 70801

5. BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, f/k/a Bridgestone Firestone North American Tire, LLC
   Through its Registered Agent
   United Agent Group, Inc.
   1070-B West Causeway Approach Mandeville, LA 70471

6. BRIGGS AND STRATTON CORPORATION
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   Corporation Service Company
   800 Corporate Center Parkway, Suite 100
   Milwaukee, WI 53202

7. BW/IP, INC., individually, and as successor-in-interest to Wilson-Snyder Manufacturing Company
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

8. BWDAC INC., f/k/a BWD AUTOMOTIVE CORPORATION
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

9. CARLISLE INDUSTRIAL BRAKE & FRICTION
   *Via the Louisiana Long Arm Statute*
   Through Its Registered Agent
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

10. CARRIER CORPORATION
    Through its Registered Agent
    United Agent Group, Inc.
    1070-B West Causeway Approach Mandeville, LA 70471

11. CATERPILLAR GLOGAL MINING, LLC
    Through Its Registered Agent
    Corporation Service Company
    450 Laurel Street, 8th Floor
    Baton Rouge, LA 70801

12. CATERPILLAR INC.
    Through Its Registered Agent
    Corporation Service Company
    450 Laurel Street, 8th Floor
    Baton Rouge, LA 70801

13. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, as the liability insurer of certain Executive Officers of Avondale Industries, Inc.
    Via the Direct Action Statute
    Through the Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

14. CLYDE UNION, INC. f/k/a UNION PUMP COMPANY
    Through Its Registered Agent
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA 70802

15. CUMMINS, INC.
    Through Its Registered Agent Corporation Service Company
    450 Laurel Street, 8th fl
    Baton Rouge, LA 70801

16. DAIMLER TRUCK NORTH AMERICA LLC f/k/a f/k/a FREIGHTLINER TRUCKS NORTH AMERICA f/k/a FREIGHTLINER LLC f/k/a FREIGHTLINER CORPORATION
    Through its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

17. DCO, LLC, f/k/a DANA COMPANIES LLC
    *Via the Louisiana Long Arm Statute*
    Through Its Registered Agent
    CT Corporation System
    4701 Cox Road, Ste 285
    Glen Allen, VA 23060

18. EAGLE, INC.
    Through Its Registered Agent
    Susan B. Kohn
    1100 Poydras Street, 30th Floor
    New Orleans, LA 70163

19. EATON CORPORATION, individually, and as successor to Cutler Hammer
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

20. ENERPAC TOOL GROUP CORP.
    *Via the Louisiana Long Arm Statute*
    Through its Registered Agent
    CT Corporation System
    301 S. Bedford St. Ste 1
    Madison, WI 53703

21. FEDERAL-MOGUL MOTORPARTS LLC
    Through Its Registered Agent
    Corporate Creations Network, Inc.
    1070-B West Causeway Approach
    Mandeville, LA 70471

22. FLOWSERVE US INC., solely as successor to Edward Valves Inc., Rockwell Manufacturing Company, Nordstrom Valves Inc., and McCanna Corporation
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

23. FMC CORPORATION, on behalf of its former Construction Equipment Group, on behalf of its former Stearns Businesses, as successor-in-interest to LINK-BELT
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

24. FORD MOTOR COMPANY
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

25. FOSTER WHEELER LLC
    Through Its Registered Agent
    United Agent Group, Inc.
    1070 B. West Causeway Approach
    Mandeville, LA 70471

26. G DENVER AND CO., LLC f/k/a GARDNER DENVER, INC.
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

27. GENERAL ELECTRIC COMPANY
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA 70816

28. GENUINE PARTS COMPANY
    Through Its Registered Agent
    CT Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

29. GOODRICH CORPORATION f/k/a The B.F Goodrich Company
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
CT Corporation System
28 Liberty Street
New York, NY 10005

30. HENNESSY INDUSTRIES, LLC, INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO AMMCO TOOLS INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

31. HOLLEY PERFORMANCE PRODUCTS, INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Corporation Service Company
421 WEST MAIN STREET
FRANKFORT, KY 40601

32. HUNTINGTON INGALLS INCORPORATED, fka Northrop Grumman Ship Systems, Inc., fka Avondale Industries, Inc.
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

33. HUSQVARNA PROFESSIONAL PRODUCTS, INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Cogency Global Inc.
850 New Burton Road, Suite 201
Dover, DE 19904

34. INTERNATIONAL PAPER COMPANY
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr., 2nd Floor
Baton Rouge, LA 70816

35. ISUZU MOTORS AMERICA, LLC
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th fl
Baton Rouge, LA 70801

36. LIBERTY MUTUAL INSURANCE COMPANY, as the insurer of Wayne Manufacturing Corporation and Hopeman Brothers, Inc.
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

37. MACK TRUCKS, INC.
Through its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

38. MERCK SHARP & DOHME LLC (a subsidiary of Merck & Co., Inc.), as successor for Dr. Scholls LLC
Through its Registered Agent
CT Corporation Systems
3867 Plaza Tower Drive
Baton Rouge, LA 70816

39. METROPOLITAN LIFE INSURANCE COMPANY
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

40. MORSE TEC LLC, FKA BORGWARNER MORSE TEC, LLC, AS SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION
*Via the Louisiana Long Arm Statute*
Through its Registered Agent
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

41. NAVISTAR, INC., f/k/a INTERNATIONAL TRUCK AND ENGINE CORPORATION f/k/a NAVISTAR INTERNATIONAL TRANSPORTATION CORP. f/k/a NAVISTAR INTERNATIONAL CORPORATION f/k/a INTERNATIONAL HARVESTER COMPANY f/k/a INTERNATIONAL HARVESTER CORPORATION
Through its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

42. NISSAN NORTH AMERICA, INC.
Through Its Registered Agent Corporation Service Company
450 Laurel Street, 8th Fl
Baton Rouge, LA 70805

43. PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation
Through its Registered Agent
Corporation Service Company
450 Laurel Street, 8th fl.
Baton Rouge, LA 70801

44. PNEUMO ABEX LLC, successor-in-interest to ABEX CORPORATION, f/k/a PNEUMO ABEX CORPORATION
*Via the Louisiana Long Arm Statute*
Through its Registered Agent
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

45. STANDARD MOTOR PRODUCTS, INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Samuel Bleichfeld
37-18 Northern Boulevard
Long Island, NY 11101

46. TOYOTA MOTOR SALES, U.S.A., INC.
Through Its Registered Agent
C.T. Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

47. THE TRAVELERS INDEMNITY COMPANY, as the Liability Insurer of certain Avondale Executive Officers
Via the Direct-Action Statute
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

48. UNION CARBIDE CORPORATION
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

49. VALVES & CONTROLS, US, INC. f/k/a WEIR VALVES & CONTROLS, USA, INC., f/k/a ATWOOD & MORRILL
*Via the Louisiana Long Arm Statute*
Through its Principal Office
29 Old Right Road
Ipswich, MA 01938

50. VELAN VALVE CORPORATION
*Via the Louisiana Long Arm*
Through Its Registered Agent
Corporation Service Company
100 North Main Street, Suite 2
Barre, VT 05641

51. VOLKSWAGEN GROUP OF AMERICA INC.
*Via the Louisiana Long Arm Statute*
Through Its Registered Agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, LA 70801

**ALL OTHER DEFENDANTS WILL BE SERVED IN ACCORDANCE WITH LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 1313.**