**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RICHARD HOTARD** | * | **CIVIL ACTION NO.: 2:25-cv-00922** |
| | * | |
| **Plaintiff** | * | **SECTION: "T" (1)** |
| | * | |
| **VERSUS** | * | **JUDGE: GRED GERARD GUIDRY** |
| | * | |
| **TAYLOR-SEIDENBACH, INC., ET AL** | * | **MAG. JUDGE: JANIS van MEERVELD** |
| | * | |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**HUNTINGTON INGALLS INCORPORATED'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES AND**
**FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES,**
**CROSSCLAIMS, THIRD-PARTY COMPLAINT, AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter "Avondale"), who responds to plaintiff's Petition for Damages (hereinafter "Petition") and First Supplemental and Amending Petition for Damages (hereinafter "First Supplement") as follows:

**ANSWER TO THE PETITION FOR DAMAGES**

I.

The allegations contained in Paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

II.

Except to admit that Defendant is a foreign corporation licensed to do business in Louisiana, the allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

#5892408

III.

The allegations contained in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6, including all subparagraphs, are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph 9 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of the Petition are not directed toward this Defendant. To the extent plaintiff is attempting to deprive this Defendant of access to a federal forum by disclaiming rights or causes of action, those statements are without legal effect. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of the Petition, including all subparts, are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of the Petition, including all subparts, are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XIX.

The allegations contained in Paragraph 19 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations contained in Paragraph 20 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXI.

The allegations contained in Paragraph 21 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXII.

The allegations contained in Paragraph 22 of the Petition are denied for lack of sufficient information to justify a belief therein.

## XXIII.

The allegations contained in Paragraph 23 of the Petition, including all subparts, are denied for lack of sufficient information to justify a belief therein.

## XXIV.

The allegations contained in Paragraph 24 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 of the Petition are denied.

XXVI.

The allegations contained in Paragraph 26 of the Petition are denied.

XXVII.

The allegations contained in Paragraph 27 of the Petition, including all subparts, are denied.

XXVIII.

The allegations contained in Paragraph 28 of the Petition are denied.

XXIX.

The allegations contained in Paragraph 29 of the Petition are denied.

XXX.

The allegations contained in Paragraph 30 of the Petition are denied.

XXXI.

The allegations contained in Paragraph 31 of the Petition are denied.

XXXII.

The allegations contained in Paragraph 32 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations contained in Paragraph 33 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

#5892408

XXXIX.

The allegations contained in Paragraph 34 of the Petition, including all subparts, are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations contained in Paragraph 35 of the Petition are denied to the extent that they are directed against this Defendant. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations contained in Paragraph 36 of the Petition are a reiteration of all allegations previously set forth in the Petition.  Defendant reiterates and re-avers each and every answer and affirmative defense to the individually numbered paragraphs of the Petition as previously set forth as if copied herein *in extenso*.

XXXVII.

The allegations contained in Paragraph 37 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations contained in Paragraph 38 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations contained in Paragraph 39 (incorrectly numbered "29") of the Petition are denied for lack of sufficient information to justify a belief therein.

7
#5892408

XL.

The allegations contained in Paragraph 40 of the Petition are denied for lack of sufficient information to justify a belief therein.

XLI.

The allegations contained in Paragraph 41 of the Petition are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 42 of the Petition are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations contained in Paragraph 43 of the Petition are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations contained in Paragraph 44 of the Petition, including all subparts, are denied. It being specifically denied that plaintiff is entitled to the relief requested or to any relief whatsoever.

## ANSWER TO THE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

I.

The allegations contained in Paragraph I of the First Supplement, amending Paragraph 2 of the Petition, are denied for lack of sufficient information to justify a belief therein.

#5892408

II.

The allegations contained in Paragraph II of the First Supplement are a reiteration of all allegations and matters contained in the original Petition For Damages.  Defendant reiterates and re-avers each and every answer and affirmative defense to the individually numbered paragraphs of the original Petition for Damages as previously set forth as if copied herein *in extenso*.

III.

The allegations contained in Paragraph III of the First Supplement do not require a response.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**AFFIRMATIVE DEFENSES**

AND NOW, FURTHER ANSWERING, defendant, Avondale, asserts the following Affirmative Defenses herein:

**FIRST DEFENSE**

FURTHER ANSWERING, defendant herein affirmatively denies any and all allegations of fault or other bases of liability on the part of Avondale.  Defendant herein specifically denies that it is guilty of wrongdoing with respect to the supervision of Richard Hotard during his alleged employment at Avondale or with regard to the safety precautions taken on his behalf during that employment.

**SECOND DEFENSE**

FURTHER ANSWERING, in the alternative, Avondale avers that plaintiff is barred from prosecuting this action because of Richard Hotard's knowledge and assumption of the risks and dangers associated with his employment at Avondale.

9
#5892408

## THIRD DEFENSE

FURTHER ANSWERING, in the alternative, Avondale herein avers that the alleged injuries complained of herein, if any, were caused by the sole and/or concurrent negligence of Richard Hotard in failing to properly care for his own personal protection and safety and/or utilize safety equipment, thus barring any recovery herein.

## FOURTH DEFENSE

FURTHER ANSWERING, in the alternative, if the alleged injuries complained of by plaintiff herein, if any, are found to have been caused by the acts, omissions, commissions, or conditions of Avondale, then the alleged negligence of Richard Hotard was a contributing cause of those alleged injuries, thus either barring or diminishing plaintiff's entitlement to recovery.

## FIFTH DEFENSE

FURTHER ANSWERING, in the alternative, and in the event that Avondale is found liable, which liability is specifically denied, defendant avers that it is entitled to a set off of all amounts recovered under the Longshore and Harbor Workers' Compensation Act or, alternatively, the Louisiana Workers' Compensation Act, if any, against any judgment which may be rendered arising out of this litigation.

## SIXTH DEFENSE

FURTHER ANSWERING, in the alternative, Avondale pleads that plaintiff has failed to state a cause of action, as plaintiff's sole remedy for the alleged injuries complained of herein, if any, is provided for exclusively in the Longshore and Harbor Workers' Compensation Act or, alternatively, the Louisiana Workers' Compensation Act, which bars all allegations herein.

## SEVENTH DEFENSE

FURTHER ANSWERING, Avondale avers that the alleged injuries complained of by plaintiff herein, if any, were caused by the acts, omissions, commissions, or conditions which were the responsibility of persons other than Avondale and for whom Avondale has no legal responsibility.

## EIGHTH DEFENSE

FURTHER ANSWERING, plaintiff's injuries and/or damages, if any, were the result of an act of God or unavoidable accident.

## NINTH DEFENSE

FURTHER ANSWERING, the cause of action stated by plaintiff has prescribed or been extinguished in some other manner.

## TENTH DEFENSE

FURTHER ANSWERING, the cause of action is barred by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

FURTHER ANSWERING, the cause of action is barred by the doctrine of *Res Judicata*.

## TWELFTH DEFENSE

FURTHER ANSWERING, defendant herein affirmatively pleads that in the event plaintiff settles with and/or otherwise releases any manufacturers, distributors, suppliers, and/or vendors of asbestos-containing products to which plaintiff claims Richard Hotard was exposed, then that settlement and/or release extinguishes Avondale's secondary or derivative strict liability to plaintiff.

#5892408

**THIRTEENTH DEFENSE**

FURTHER ANSWERING, Defendant herein affirmatively pleads that in the event plaintiff settles with and/or otherwise releases any solidary obligors without reserving their right to proceed against the remaining solidary obligors, then the debt to plaintiff is discharged as to any remaining solidary obligors pursuant to La. Civil Code Art. 2203 in effect at the time of the alleged acts and omissions which form the basis of this lawsuit.

**FOURTEENTH DEFENSE**

FURTHER ANSWERING, Defendant affirmatively pleads that in the event plaintiff settles with and/or otherwise releases any persons or entities, whether named as defendants or not, then defendant is entitled to a credit for the virile share of those settling/released persons or entities.

**FIFTEENTH DEFENSE**

FURTHER ANSWERING, plaintiff's claims are barred by the government contractor immunity defense established in *Boyle v. United Technologies Corporation*.

**SIXTEENTH DEFENSE**

FURTHER ANSWERING, plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny.

**SEVENTEENTH DEFENSE**

FURTHER ANSWERING, Avondale herein affirmatively pleads that should an agreement or contract govern any claims by or against Avondale, then Avondale reserves its right to enforce any and all arbitration clauses or provisions and specifically does not waive the enforcement of any such clauses or provisions.

## EIGHTEENTH DEFENSE

FURTHER ANSWERING, Avondale herein affirmatively pleads that should an agreement or contract govern any claims by or against Avondale, then Avondale reserves its right to enforce any and all clauses or provisions and specifically does not waive the enforcement of any such clauses or provisions.

## CROSSCLAIMS AND THIRD-PARTY COMPLAINT

1.

Plaintiff, Richard Hotard, has filed a Petition for Damages and First Supplemental and Amending Petition for Damages seeking damages for injuries Richard Hotard allegedly sustained as a result of his alleged asbestos exposure.

2.

Avondale has been named as a defendant by the Plaintiff in this case.

3.

Avondale denies any and all liability in this case.

4.

Alternatively, while denying any and all liability, Avondale is entitled to virile share contributions from and/or application of comparative fault of the Crossclaim and Third-Party Defendants for any and all amounts for which it may be cast in judgment and virile share credits or set-offs with respect to all Crossclaim and Third-Party Defendants who may settle Plaintiff's claims.

5.

Named as **Crossclaim Defendants** are the following:

A. **TAYLOR-SEIDENBACH, INC.;**

B. **AMDURA, LLC, f/k/a American Hoist & Derrick Company, f/k/a American Crane Corporation;**

C. **AMERICAN HONDA MOTOR CO., INC.;**

D. **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, f/k/a Bridgestone Firestone North American Tire, LLC;**

E. **BRIGGS AND STRATTON CORPORATION;**

F. **BW/IP, INC., individually, and as successor-in-interest to Wilson-Snyder Manufacturing Company;**

G. **BWDAC INC., f/k/a BWD Automotive Corporation;**

H. **CARLISLE INDUSTRIAL BRAKE & FRICTION;**

I. **CARRIER CORPORATION;**

J. **CATERPILLAR INC.;**

K. **CATERPILLAR GLOBAL MINING, LLC;**

L. **CLYDE UNION, INC., f/k/a Union Pump Company;**

M. **CUMMINS, INC.;**

N. **DAIMLER TRUCK NORTH AMERICA LLC, f/k/a Freightliner Trucks North America, f/k/a Freightliner LLC, f/k/a Freightliner Corporation;**

O. **DCO, LLC, f/k/a Dana Companies LLC;**

P. **EAGLE, INC.;**

Q. **EATON CORPORATION, individually, and as successor to Cutler Hammer;**

R. **ENERPAC TOOL GROUP CORP.;**

S. **FEDERAL-MOGUL MOTORPARTS, LLC;**

T. **FLOWSERVE US INC., solely as successor to Edward Valves Inc, Rockwell Manufacturing Company, Nordstrom Valves Inc., and McDanna Corporation;**

U. **FMC CORPORATION on behalf of its former Construction Equipment Group, on behalf of its former Stearns Businesses, as successor-in-interest to Link-Belt;**

V.  FORD MOTOR COMPANY;

W. FOSTER WHEELER LLC;

X.  G. DENVER AND CO., LLC, f/k/a Gardner Denver, Inc.;

Y.  GENERAL ELECTRIC COMPANY;

Z.  GENUINE PARTS COMPANY;

AA.      GOODRICH CORPORATION, f/k/a The B.F. Goodrich Company;

BB.      HENNESSY INDUSTRIES, LLC, individually and as successor-in-interest to Ammco Tools Inc.;

CC.      HOLLEY PERFORMANCE PRODUCTS, INC.;

DD.      HUSQVARNA PROFESSIONAL PRODUCTS, INC.;

EE.      INTERNATIONAL PAPER COMPANY, individually and as successor by merger with Champion International Corporation, successor by merger with United States Plywood Corporation;

FF.      ISUZU MOTORS AMERICA, LLC;

GG.      MACK TRUCKS, INC.;

HH.      METROPOLITAN LIFE INSURANCE COMPANY;

II.      MORSE TEC LLC, f/k/a BorgWarner Morse Tec, LLC, as successor-by-merger to Borg-Warner Corporation;

JJ.      NAVISTAR, INC., f/k/a International Truck and Engine Corporation f/k/a Navistar International Transportation Corp., f/k/a Navistar International Corporation, f/k/a International Harvester Company, f/k/a International Harvester Corporation;

KK.      NISSAN NORTH AMERICA, INC.;

LL.      PARAMOUNT GLOBAL, f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation;

MM.      PNEUMO ABEX LLC, successor-in-interest to Abex Corporation, f/k/a Pneumo Abex Corporation;

NN.    STANDARD MOTOR PRODUCTS, INC.;

OO.    TOYOTA MOTOR SALES, U.S.A., INC;

PP.    UNION CARBIDE CORPORATION;

QQ.    VALVES & CONTROLS, US, INC., f/k/a Weir Valves & Controls, USA, Inc., f/k/a Atwood & Morrill;

RR.    VELAN VALVE CORPORATION;

SS.    VOLKSWAGEN GROUP OF AMERICA INC;

TT.    BAYER HEALTHCARE LLC as subsidiary of Bayer AG for its Dr. Scholls line of products;

UU.    MERCK SHARP & DOHME LLC (a subsidiary of Merck & Co., Inc.) as successor for Dr. Scholls LLC;

VV.    FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST as successor to the Felt-Products Manufacturing Co.;

WW.    GOODYEAR TIRE AND RUBBER COMPANY; and

XX.    PERFECTION HY-TEST CO., individually, and as the manufacturer of Zoom Performance Products

6.

Avondale adopts herein by reference as though set forth *in extenso* all of the Plaintiff's allegations against the crossclaim defendants as asserted in Plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages, insofar as they assert the fault, negligence, strict liability, and other bases of liability against the crossclaim defendants. Avondale further alleges that Plaintiff's allegations against the crossclaim defendants are equally applicable to the fault, negligence, strict liability, and other bases for liability against the Third-Party Defendants and adopts those allegations and asserts them against the Third-Party Defendants as though set forth herein *in extenso* and specifically against the Third-Party Defendants. This

defendant affirmatively disavows any allegations against the Crossclaim and Third-Party Defendants based on intentional tort.

7.

Made **Third Party Defendant** herein is:

I.   **BAYER CROPSCIENCE LP, as successor to Rhone-Poulenc AG Co., f/k/a AmChem Products, Inc., f/k/a Benjamin Foster Company;**

II.   **HONEYWELL INTERNATIONAL, INC. (f/k/a Allied Signal, Inc., as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation);**

III.   **SPARTA INSURANCE COMPANY as insurer of Eagle, Inc.;**

IV.   **THE MANVILLE PERSONAL INJURY SETTLEMENT TRUST, as successor-in-interest to the Johns-Manville Corporation, a trust organized and existing under the laws of the State of New York and administered through the Claims Resolution Management Corporation, a subsidiary of the Manville Personal Injury Settlement Trust, a company organized and existing under the laws of the Commonwealth of Virginia; and**

V.   **UNIROYAL HOLDING, INC.**

8.

Plaintiff alleges Richard Hotard contracted mesothelioma from exposure to asbestos from several different sources.

9.

Crossclaim and Third-Party Defendants are allegedly all miners, manufacturers, sellers, distributors, suppliers, installers and/or users of asbestos products, or were insurers of miners, manufacturers, sellers, distributors, suppliers, installers and/or users of asbestos products, and were engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, or representing themselves as manufacturers of asbestos products and/or were commercial suppliers and/or professional vendors of asbestos or asbestos-containing products, which were expected to and did reach the workplaces of Richard Hotard,

which caused him to be allegedly exposed to them.

10.

The products mined, manufactured, distributed, supplied, sold, and/or used by the Crossclaim and Third-Party Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se*. Richard Hotard was an intended and/or foreseeable user exposed to these products. These defects include, without limitation, the following:

a.  the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous or unreasonably dangerous *per se*;

b.  the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting potential for causing serious injury and death to those who would be exposed to them;

c.  lack of warning or of sufficient warning of the hazards these products would present in the course of their normal, foreseeable use or intended use;

d.  lack of safety instruction or of sufficient safety instruction for eliminating or reducing the health risks associated with the intended ultimate use of these products;

e.  failure to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.  failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

g.  failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of exposure to these products by intended or foreseeable users, bystanders and others;

h.  failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i.  defects in the composition and construction of these products;

j.  failure to recall these products mined, manufactured, sold, supplied and

18
#5892408

distributed;

k.   failure to properly package these products so that they could be safely transported, handled, stored, or disposed; and

l.   over-warranting the safety of these products that were manufactured, sold or supplied by the Crossclaim and Third-Party Defendants.

11.

The negligence, fault, and defective products of Crossclaim and Third-Party Defendants are the proximate cause of plaintiff's alleged harm, if any.

12.

Crossclaim and Third-Party Defendants are liable for negligence, fault, strict liability, professional vendor liability, and strict products liability in connection with the manufacturing, distributing, design and/or installation of asbestos-containing products which were defective in design and unreasonably dangerous *per* se*,* and for failure to warn Richard Hotard concerning asbestos hazards posed by their products and/or equipment.

13.

Bayer Cropscience, Inc. ("Amchem") was a manufacturer, seller, distributor, supplier and/or user of asbestos products, including asbestos-containing mastics and adhesives, and was engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, or was a professional vendor of asbestos-containing products.

14.

Amchem was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Plaintiff and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and to warn Plaintiff and/or Avondale of the potential health hazards from exposure to asbestos and was negligent in allegedly

allowing Plaintiff to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Plaintiff's alleged injuries, including his alleged mesothelioma, if any.

15.

As a manufacturer of asbestos products, Amchem knew or should have known that exposing Plaintiff, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Amchem did not provide proper instructions and/or warnings to Avondale and others for which Amchem is liable pursuant to Louisiana Civil Code article 2315.

16.

Products, materials, component parts and/or equipment manufactured by Amchem were used at Avondale. If Plaintiff was exposed to some level of dust from products used at Avondale, which is denied, Amchem is liable for negligence, fault, professional vendor liability, strict liability, and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably dangerous *per se,* and for failure to warn purchasers, users, and others such as Richard Hotard and/or Avondale. Amchem is therefore liable for Plaintiff's alleged injuries, if any.

17.

Upon information and belief, Richard Hotard worked with and around various asbestos-containing products, including, but not limited to, gaskets, brakes, brake shoes, brake linings, and brake drums while performing mechanic work. Bendix was a manufacturer, seller, distributor, and/or supplier of these asbestos-containing products, was engaged in or materially participated in the business of manufacturing or facilitating the manufacture of these asbestos-containing

products, and/or was a   commercial supplier and/or professional vendor of these asbestos-containing products used by Richard Hotard.

18.

Bendix was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Richard Hotard and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and/or warn Plaintiff of the potential health hazards from exposure to asbestos and was negligent in allegedly allowing Plaintiff to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Plaintiff's alleged injuries, including his alleged mesothelioma, if any.

19.

As a manufacturer, seller, distributor, and/or supplier of asbestos products, Bendix, knew or should have known that exposing Plaintiff, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Bendix did not provide proper instructions and/or warnings to Plaintiff for which Bendix is liable pursuant to Louisiana Civil Code article 2315.

20.

At all times relevant hereto, Bendix manufactured, sold, distributed, and/or supplied asbestos-containing products, materials, and/or component parts used by Plaintiff.  Richard Hotard was exposed to asbestos-containing dust from these products.  Bendix is liable for negligence, fault, professional vendor liability, strict liability, and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used by Richard Hotard which were defective in design, unreasonably dangerous, unreasonably dangerous *per se*, and for failure to warn purchasers, users, and others such as Plaintiff.  Bendix is therefore liable for Plaintiff's alleged injuries, if any.

21.

Johns-Manville manufactured asbestos-containing pipe insulation, asbestos-containing mud, asbestos-containing insulation block, asbestos-containing cloth and other asbestos insulation materials to which Richard Hotard allegedly was exposed. Johns-Manville is liable for negligence, fault, strict products liability and strict liability in connection with the manufacturing, distributing and design of asbestos-containing products which were defective in design, unreasonably dangerous *per* se, and for failure to warn Richard Hotard concerning asbestos hazards posed by its products.

22.

Johns-Manville was aware or should have been aware of the dangers presented by exposure to its asbestos products and manufacturing premises and that Richard Hotard could be injured as result of this exposure but negligently failed to institute protective measures and to Richard Hotard of the potential dangers to his health from exposure to asbestos and was negligent in allowing Richard Hotard to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Richard Hotard's alleged injuries, including his alleged mesothelioma, if any.

23.

As a manufacturer of asbestos products, Johns-Manville knew or should have known that exposing Richard Hotard, and those similarly situated, to asbestos would cause injury, and despite that knowledge, Johns-Manville did not provide proper instructions and/or warnings, for which Johns-Manville is liable pursuant to Louisiana Civil Code article 2315.

24.

As a manufacturer of asbestos products, Johns-Manville knew or should have known that

#5892408

exposing Richard Hotard, and those similarly situated, to asbestos would cause injury, and despite that knowledge, Johns-Manville did not provide proper instructions and/or warnings, for which Johns-Manville is liable pursuant to Louisiana Civil Code article 2315.

25.

The Manville Personal Injury Settlement Trust has succeeded to the liabilities of Johns-Manville Corporation, and is the entity subject to claims for contribution or for establishing credits or offsets with respect to the asbestos-related liabilities of Johns-Manville asserted herein. Insofar as Louisiana virile share liability law applies to the claims in this case, then Johns-Manville, by and through its respective trust, is brought into this action for the purpose of having its fault allocated in accordance with same. This third-party claim is being asserted against the Trust in accordance with the Trust Distribution Process ("TDP") for the sole purpose of listing the Trust on a verdict form or otherwise as necessary to ensure that any verdict reduction in respect of the Manville (or Trust) liability share is made pursuant to applicable law. Avondale disclaims any claim for relief beyond that which is provided in the TDP. Further, out of an abundance of caution and insofar as it may be required, Avondale waives any requirement of that the Manville Personal Injury Settlement Trust appear, answer, be subject to discovery as a party, or be subject to default or other trial court process or procedure; and Avondale stipulates that it will not move for a continuance of trial on grounds that the Manville Personal Injury Settlement Trust was not required to appear and answer.

26.

Eagle, Inc. was a manufacturer, seller, distributor, supplier and/or user of asbestos products, including but not limited to, asbestos-containing pipe covering, block, cloth, mastics and adhesives, cements, gaskets, packing, and refractory materials, and was engaged in or materially

participated in the business of manufacturing or facilitating the manufacturing of asbestos products, or was a professional vendor of asbestos-containing products.

27.

Eagle, Inc. was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Richard Hotard and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and to warn Avondale and/or Richard Hotard of the potential health hazards from exposure to asbestos and was negligent in allegedly allowing Richard Hotard to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Plaintiff's alleged injuries, including Richard Hotard's alleged mesothelioma, if any.

28.

As a manufacturer and/or distributor of asbestos products, Eagle, Inc. knew or should have known that exposing Richard Hotard, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Eagle, Inc. did not provide proper instructions and/or warnings to Avondale and others for which Eagle, Inc. is liable pursuant to Louisiana Civil Code article 2315.

29.

Asbestos-containing products, materials, component parts and/or equipment manufactured and/or distributed by Eagle, Inc. were used at Avondale and/or other worksites. If Richard Hotard was exposed to some level of dust from products used at Avondale, which is denied, Eagle, Inc. is liable for negligence, fault, professional vendor liability, and strict liability and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably

dangerous *per se*, and for failure to warn purchasers, users, and others such as Avondale and/or Richard Hotard. Eagle, Inc. is therefore liable for Plaintiff's alleged injuries, if any.

30.

During the pertinent time period, Sparta Insurance Company (as successor in interest to Sparta Insurance Holdings, Inc.) was a liability insurer of Eagle, Inc. Sparta Insurance Company is therefore responsible for the liability of Eagle, Inc. Defendant hereby asserts a direct action under La. R.S. 22:1269 against Sparta Insurance Company (as successor in interest to Sparta Insurance Holdings, Inc.) for the liability of Eagle, Inc.

31.

Uniroyal Holding, Inc. ("Uniroyal") was a manufacturer, seller, distributor, supplier and/or user of asbestos products, including asbestos-containing cloth, tape, yarn, and adhesives, and was engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, and/or was a commercial supplier and/or professional vendor of asbestos-containing products.

32.

Uniroyal was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Richard Hotard and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and/or warn Richard Hotard and/or Avondale of the potential health hazards from exposure to asbestos and was negligent in allegedly allowing Richard Hotard to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Richard Hotard's alleged injuries, including his alleged mesothelioma, if any.

#5892408

33.

As a manufacturer of asbestos products, Uniroyal knew or should have known that exposing Richard Hotard, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Uniroyal did not provide proper instructions and/or warnings to Avondale and others for which Uniroyal is liable pursuant to Louisiana Civil Code article 2315.

34.

At all times relevant hereto, asbestos-containing products and materials manufactured by Uniroyal were used at Avondale. If Richard Hotard was exposed to some level of asbestos-containing dust from products used at Avondale, which is denied, Uniroyal Holding, Inc. is liable for negligence, fault, professional vendor liability, and strict liability and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably dangerous *per se*, and for failure to warn purchasers, users, and others such as Richard Hotard and/or Avondale. Uniroyal Holding, Inc. is therefore liable for Richard Hotard's alleged injuries, if any.

## JURY DEMAND

Avondale demands a trial by jury on all facts and issues in this case, including all crossclaims and third-party claims.

**WHEREFORE,** Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) prays that its Answer and Affirmative Defenses to Petition for Damages and First Supplemental and Amending Petition for Damages, Crossclaims, Third-Party Complaint, and Jury Demand be duly served, and that after due proceedings are had that there be judgment herein in favor of Avondale and against Plaintiff, dismissing Plaintiff's claims, with prejudice and at Plaintiff's cost, and in the alternative, Avondale further prays that

#5892408

should it be found at fault and liable to the Plaintiff, which is denied, that there be further judgment over and against crossclaim and third-party defendants for virile share contributions from all crossclaim and third-party defendants for any and all amounts owed to Plaintiff, and for virile share credits or offsets with respect to all entities with whom Plaintiff has settled or may settle, for all costs of these proceedings, and for all other equitable and legal relief as the nature of the case may permit and as the law may allow.

Respectfully submitted,

*/s/ Laura M. Gillen*

_____

Brian C. Bossier (#16818)
Edwin A. Ellinghausen, III (#1347)
Christopher T. Grace, III (#26901)
Erin H. Boyd (#20121)
Laura M. Gillen (#35142)
Kimmier L. Paul (#35278)
Morgan M. Smith (#40952)
**BLUE WILLIAMS, L.L.C.**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Phone: (504) 831-4091
Fax: (504) 837-1182
Email: lgillen@bluewilliams.com
avondaleasbestos@bluewilliams.com
***Counsel for Huntington Ingalls Incorporated***