**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RICHARD HOTARD** | * | **CIVIL ACTION NO. 2:25-cv-00922** |
| | * | |
| **Plaintiff** | * | **SECTION "T" (1)** |
| | * | |
| **VERSUS** | * | **JUDGE GREG GERARD GUIDRY** |
| | * | |
| **TAYLOR-SEIDENBACH, INC. ET AL** | * | **MAG. JUDGE JANIS van MEERVELD** |
| | * | |
| **Defendants** | * | |
| | * | |

**HUNTINGTON INGALLS INCORPORATED'S FIRST SUPPLEMENTAL**
**THIRD-PARTY COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter "Avondale"), who files this First Supplemental Third-Party Complaint as follows:

1.

Plaintiff, Richard Hotard, filed an Original Petition for Damages, First Supplemental and Amending Petition for Damages and Third Supplemental and Amending Petition for Damages (hereinafter "Petitions"), seeking damages for injuries allegedly sustained by him as a result of his alleged asbestos exposure. Richard Hotard died during the pendency of the suit, and his statutory heirs, Sybil Hotard, Richard Nathaniel Hotard, and Elayna Hotard Hildago, were substituted as plaintiffs.

2.

Avondale has been named as a defendant by the Plaintiffs in this case.

3.

Avondale denies any and all liability in this case.

#6192458

4.

Alternatively, while denying any and all liability, Avondale is entitled to virile share contributions from and/or application of comparative fault of Performance Industries, Inc., as successor to the liabilities of Mr. Gasket, for any and all amounts for which Avondale may be cast in judgment and virile share credits or set-offs with respect to all persons or entities who may settle Plaintiffs' claims.

5.

Named as an additional **Third-Party Defendant** is the following:

A. **Performance Industries, Inc.** (as successor to the liabilities of Mr. Gasket)

6.

Avondale alleges that Plaintiffs' allegations against the crossclaim defendants as asserted in their Petitions are equally applicable to the fault, negligence, strict liability, and other bases for liability against the newly added Third-Party Defendant and adopts those allegations by reference and asserts them against the Third-Party Defendant as though set forth herein *in extenso* and specifically against Performance Industries, Inc. This defendant affirmatively disavows any allegations against the Third-Party Defendant based on intentional tort.

8.

Plaintiffs allege Richard Hotard contracted mesothelioma from exposure to asbestos from several different sources, including his mechanic work using Mr. Gasket's products.

9.

Upon information and belief, Richard Hotard used Mr. Gasket brand asbestos-containing gaskets while performing automotive repair work on vehicles, which included using a wire buffer

on a drill to buff off the gasket which would cause asbestos-containing debris to be released into the air.

10.

Upon information and belief, Performance Industries, Inc. ("Performance") is the successor to the liabilities of Mr. Gasket. Mr. Gasket was a manufacturer, seller, distributor and/or supplier of asbestos-containing automotive parts and was engaged in or materially participated in the business of facilitating the manufacturing of asbestos-containing products and/or was a commercial supplier and/or professional vendor of asbestos containing products.

11.

As a manufacturer, seller, distributor and/or supplier of asbestos-containing products, Mr. Gasket knew or should have known that exposing Richard Hotard and those similarly situated, to asbestos would cause injury, and, despite that knowledge, Mr. Gasket did not provide proper instructions and/or warnings to Richard Hotard and those similarly situated for which Performance Industries, Inc. as successor-in-interest to Mr. Gasket, is liable to Plaintiffs.

12.

If Richard Hotard was exposed to some level of asbestos-containing dust from products manufactured, distributed, supplied, and/or sold by Mr, Gasket, Performance, as the successor in interest to Mr. Gasket, is liable for negligence, fault, breach of express and implied warranties, strict products liability and strict liability in connection with the design, distribution, and supply of asbestos-containing products which were defective in design, unreasonably dangerous, unreasonably dangerous *per se*, and for failure to warn purchasers, users, bystanders, and others, such as Mr. Hotard concerning asbestos hazards posed by its products. Performance is

therefore liable for Plaintiffs' injuries, if any.

13.

The products, materials, component parts and/or gaskets manufactured, distributed, supplied, sold, installed and/or supplied by Mr. Gasket were defective, unreasonably dangerous, and unreasonably dangerous *per se*. Mr. Hotard was an intended and/or foreseeable user exposed to these products. These defects include, without limitation, the following:

 a. the manufacture, sale, supply, distribution and use of products that are unreasonably dangerous or unreasonably dangerous *per se*;

 b. the manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting potential for causing serious injury and death to those who would be exposed to them;

 c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal, foreseeable use or intended use;

 d. lack of safety instruction or of sufficient safety instruction for eliminating or reducing the health risks associated with the intended ultimate use of these products;

 e. failure to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

 f. failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

 g. failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of exposure to these products by intended or foreseeable users, bystanders and others;

 h. failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

 i. defects in the composition and construction of these products;

 j. failure to recall these products manufactured, sold, supplied and distributed;

 k. failure to properly package these products so that they could be safely

transported, handled, stored, or disposed; and

l.    over-warranting the safety of these products that were manufactured, sold or supplied Third-Party Defendant.

14.

The negligence, fault, and defective products of the Third-Party Defendant is the proximate cause of Richard Hotard's alleged harm, if any.

15.

As a manufacturer of asbestos products, Mr. Gasket knew or should have known that exposing Richard Hotard, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Mr. Gasket did not provide proper instructions and/or warnings to Richard Hotard for which Mr. Gasket is liable pursuant to Louisiana Civil Code article 2315.

16.

Performance Industries, Inc., as the successor to the liabilities of Mr. Gasket, is liable for negligence, fault, strict liability, professional vendor liability, and strict products liability in connection with the manufacturing, distributing, design and/or selling of asbestos-containing products which were defective in design and unreasonably dangerous *per* se*, and for failure to warn Richard Hotard concerning asbestos hazards posed by their products and/or equipment.

17.

Further, Avondale reiterates and re-avers all previously pled specific allegations, affirmative defenses, and defenses as if set forth *in extenso*. This Defendant also reiterates and re-avers all previously filed crossclaims and third-party claims as if set forth *in extenso*.

## JURY DEMAND

Avondale demands a trial by jury on all facts and issues in this case, including all crossclaims and third-party claims.

5
#6192458

**WHEREFORE,** Huntington Ingalls Incorporated Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter "Avondale") prays that the First Supplemental Third-Party Complaint be duly served, and that after due proceedings are had that there be judgment herein in favor of Avondale and against Plaintiffs, dismissing Plaintiffs' claims, with prejudice and at Plaintiffs' cost, and in the alternative, Avondale further prays that should it be found at fault and liable to the Plaintiffs, which is denied, that there be further judgment over and against crossclaim and third-party defendants for virile share contributions from all crossclaim and third-party defendants for any and all amounts owed to Plaintiffs, and for virile share credits or offsets with respect to all entities with whom Plaintiffs has settled or may settle, for all costs of these proceedings, and for all other equitable and legal relief as the nature of the case may permit and as the law may allow.

**BLUE WILLIAMS, L.L.C.**

*/s/ Kimmier L. Paul*

BRIAN C. BOSSIER (#16918)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (#26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
KIMMIER L. PAUL (#35278)
MORGAN M. SMITH (#40952)
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Telephone: (504) 831-4091
Facsimile: (504) 837-1182
Email: avondaleasbestos@bluewilliams.com
***Counsel for Huntington Ingalls Incorporated***

#6192458