UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD HOTARD                                    CIVIL ACTION

VERSUS                                            NO: 25-922

TAYLOR-SEIDENBACH, INC., ET AL                    SECTION: T (1)

## ORDER AND REASONS

Before the Court is Defendant, Eaton Corporation's ("Eaton") Motion for Summary Judgment (R. Doc. 220), seeking dismissal of the claims asserted against it by Plaintiffs, Sybil Hotard, Richard Nathaniel Hotard, and Elayna Hotard Hidalgo, the legal heirs of Plaintiff-Decedent Richard Hotard,[1] and by Defendant and Crossclaimant Huntington Ingalls Incorporated ("Avondale"). Plaintiffs and Avondale oppose Eaton's motion, R. Docs. 223, 224, and Eaton has filed replies to each in support of the motion, R. Docs. 228, 229. The Court has considered the parties' briefs, the record, and the applicable law. For the following reasons, Eaton's Motion for Summary Judgment (R. Doc. 220) is **DENIED**.

## I. BACKGROUND

This is an alleged asbestos exposure case. Plaintiffs allege that Decedent, Richard Hotard, who worked for Avondale Shipyards during 1965 and from 1970 to 1973, was exposed to and inhaled injurious levels of asbestos fibers during the course of his employment. R. Doc. 234, p.

---

[1] Plaintiff Richard Hotard passed away on June 26, 2025, and his heirs filed a Motion to Substitute Party, R. Doc. 109, which the Court granted on July 10, 2025, R. Doc. 111.

1

20. They further allege that he experienced both direct and bystander exposures to asbestos fibers during his career as an automotive mechanic after leaving Avondale in 1973. *Id.* While working as a mechanic, Mr. Hotard performed brake and clutch replacement jobs, requiring him to grind and sand the brake replacement parts, a process which he alleged created visible dust which he inhaled. R. Doc. 223, p. 2 (citing R. Doc. 223-2, pp. 60-66, 85-92). Mr. Hotard testified that he used parts from multiple manufacturers in the scope of his work as a mechanic, including Eaton and Cutler-Hammer. *Id.* (citing R. Doc. 223-2, pp. 67, 88). Mr. Hotard was diagnosed with mesothelioma around February 2025 and passed away in June 2025. *Id.* at p. 1.

On March 20, 2025, Plaintiff filed a petition for damages against Avondale and other named defendants, including Eaton, in the Civil District Court for the Parish of Orleans. R. Doc. 1-1, pp. 6-8. Eaton was sued both individually and as successor in interest to Cutler-Hammer, with Plaintiff alleging that both entities manufactured, sold, supplied, contracted for, and/or distributed asbestos-containing products. R. Doc. 1-1, pp. 6-7. Plaintiff's petition asserts general negligence claims against all defendants, *id.* at pp. 11-14, strict liability claims against Eaton and other manufacturers, sellers, and distributors, of asbestos products, *id.* at pp. 14-15, and strict liability and negligence claims against Avondale "for failing to provide [Mr. Hotard] with a safe place in which to work, free from the hazards of asbestos, which failure was a proximate cause of his injuries, *id.* at pp. 15-17.[2] Avondale subsequently removed the action to this Court, asserting federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). R. Doc. 1, pp. 8-14. On May 27, 2025, Avondale filed crossclaims against several co-defendants, including Eaton, adopting by reference

---

[2] Plaintiff's original petition also asserted additional claims against executive officers of Avondale and manufacturers, sellers, and distributors of talcum products, which are outside the scope of Eaton's Motion. R. Doc. 1-1, pp. 17-19.

all of Plaintiff's allegations against the crossclaim defendants and seeking contribution for any judgment entered against Avondale. R. Doc. 29, pp. 13-16.

After Mr. Hotard's death on June 26, 2025, substituted Plaintiffs Sybil Hotard, Richard Nathaniel Hotard, and Elayna Hotard Hidalgo filed a Third Amended Complaint, which raised wrongful death and survival claims. R. Doc. 112, pp. 1-3. Eaton filed the instant motion for summary judgment on December 19, 2025, seeking dismissal of all claims asserted against it by Plaintiffs and by Avondale. R. Doc. 220, p. 1. Specifically, Eaton argues that it is entitled to summary judgment because Mr. Hotard testified that he used Eaton-branded brakes for passenger cars and Cutler-Hammer vehicle clutches for cars and trucks, but these products were never manufactured by the brands in question. R. Doc. 220-2, pp. 4-5. Eaton supports this assertion by citing an affidavit signed by an individual who purports to have knowledge of Eaton's corporate history. R. Doc. 220-5, pp. 1-3 (affidavit of James Clark, engineer for Eaton's Axle and Brake division from 1984 to 1998, stating, "Eaton never manufactured brakes for passenger cars. Similarly, Cutler-Hammer never manufactured vehicle clutches for cars and trucks."). Because these products "do not and have never existed," Eaton argues, they could not have caused Plaintiff's mesothelioma. R. Doc. 220-2, p. 3.

Plaintiffs oppose Eaton's motion, arguing that Mr. Hotard's extensive testimony regarding his work with asbestos-containing materials creates a genuine issue of material fact that precludes summary judgment. R. Doc. 223, p. 2. Specifically, Plaintiffs highlight that Mr. Hotard described "grinding, sanding, and using compressed air to perform brake jobs when using Eaton brakes," and note that "Mr. Hotard performed brake work on not only passenger vehicles but also on multiple brands of large trucks," such as Ford vehicles. *Id.* at pp. 4-6 (citing R. Doc. 223-2, pp. 62-

63, 67-68, 88-89, 101-102). Mr. Hotard's testimony also describes his use of Cutler-Hammer clutch parts "at least once a week." *Id.* at p. 5 (citing R. Doc. 223-2, pp. 88-89). Avondale similarly opposes Eaton's motion, arguing that, in light of Mr. Hotard's testimony and a prior corporate deposition in which Eaton testified that it manufactured asbestos-containing brakes for various types of trucks, Eaton's affidavit "does nothing more than create a genuine issue of material fact." R. Doc. 224, p. 3 (citing R. Doc. 224-2, pp. 34, 36-37).

Replying in support, Eaton maintains that "neither Decedent's testimony nor the Eaton testimony cited by Avondale creates a genuine issue of fact, because the only Eaton and/or Cutler-Hammer products he identifies do not exist." R. Doc. 229, p. 3. *See also* R. Doc. 228, p. 7. Eaton further contends that, even if Plaintiffs or Avondale can demonstrate that Mr. Hotard was exposed to asbestos from Eaton or Cutler-Hammer products, they are unable to prove that such exposure was a substantial factor in causing his illness. R. Doc. 229, pp. 6-7; R. Doc. 228, pp. 6-7. Eaton's motion is now submitted before the Court.

## II. LAW AND ANALYSIS

### a. *Summary Judgment Standard*

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A court must hold "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voekel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL

1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)).

When assessing whether a genuine dispute as to any material fact exists, courts "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Accordingly, at the summary judgment stage, courts must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *See, e.g.*, *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *City & Cnty. Of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 603 (2015); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Of course, "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation and citation omitted). Although the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, if it can carry that burden, the nonmoving party must "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 323-24. This burden is not satisfied by a "metaphysical doubt as to the material facts" or only a "scintilla" of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)). Summary judgment must thus be entered "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex*, 477 U.S. at 322. As the United States Supreme Court has explained, "[i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. Courts "do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Thus, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.' " *Id.* (quoting *Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993)) (emphasis in original).

### b. *Genuine Issues of Material Fact Exist*

Here, Eaton's motion presents the question of whether Plaintiffs and Avondale have produced sufficient evidence to create genuine issues of material fact as to the elements of their claims. Louisiana law requires a party asserting asbestos-related fault to establish by a preponderance of evidence (1) that the plaintiff was exposed to asbestos from the defendant's product and (2) that such exposure was a substantial factor in causing the alleged injury. *Abadie v. Metro. Life Ins. Co.*, 784 So. 2d 46, 89-90 (La. App. 5 Cir. 2001). Accordingly, to succeed in their claims against Eaton, Plaintiffs bear the burden at trial to demonstrate (1) that Mr. Hotard was exposed to asbestos from Eaton and/or Cutler-Hammer products, and (2) that this exposure was a substantial factor in causing his mesothelioma. This burden applies with equal force to contribution and virile share claims. *See Rando v. Anco Insulations, Inc.*, 16 So. 3d 1065, 1088 (La. 2009).

6

Thus, Avondale bears the same burden of proof it would face as a direct claimant against Eaton, and this burden may be satisfied through direct or circumstantial evidence.[3] *Id.* at 1089.

Eaton argues that summary judgment is warranted because, while Mr. Hotard specifically identified Eaton-branded brakes for passenger cars and Cutler-Hammer clutches for cars and trucks, Eaton avers that these products never existed. R. Doc. 220-2, pp. 3-5. In support, Eaton relies primarily upon an affidavit from James Clark, a former engineer in Eaton's Axle and Brake division, who states that "Eaton never manufactured brakes for passenger cars" and "Cutler-Hammer never manufactured vehicle clutches for cars and trucks." R. Doc. 220-5, pp. 1-3. Eaton contends that because the products identified by Mr. Hotard allegedly did not exist, Plaintiffs and Avondale are unable to establish exposure to an Eaton or Cutler-Hammer asbestos-containing product as a matter of law. R. Doc. 220-2, p. 3.

In response, Plaintiffs and Avondale assert that other portions of the record create factual disputes regarding the nature of the products with which Mr. Hotard worked. Mr. Hotard testified that he routinely performed brake and clutch replacement work on passenger vehicles, trucks, heavy equipment, military vehicles, and eighteen-wheelers. R. Doc. 223-2, pp. 60-68, 85-92. Because Mr. Hotard worked on more than just passenger cars, Plaintiffs argue that the record does not definitively indicate that the Eaton products Mr. Hotard identified in his deposition did not exist. R. Doc. 223, pp. 2-6. In addition to testifying that this work created visible dust which he inhaled, Mr. Hotard identified Eaton as a brand of brakes he worked with and stated that he

---

[3] In asbestos cases, "[e]vidence proving exposure may be direct or circumstantial." *Williams v. Huntington Ingalls Indus.*, No. CV 19-1218, 2022 WL 425050, at *2 (E.D. La. Feb. 11, 2022) (citing *Williams v. Taylor Seidenbach, Inc.*, 849 F. App'x 440, 444 (5th Cir. 2021)). "Although circumstantial evidence must provide a reasonable amount of certainty, it need not disprove all other possible causes." *Id.* (citing *Williams*, 849 F. App'x at 445).

replaced Eaton brakes "at least once per week." *Id.* at pp. 67-68. He also testified that he worked with Cutler-Hammer clutches "at least once per week." *Id.* at pp. 88-89.

Avondale further supports its position with testimony from a prior corporate deposition in which an Eaton representative testified that Eaton manufactured asbestos-containing brakes for various types of trucks. R. Doc. 224-2, pp. 34, 36-37 (acknowledging that Eaton manufactured asbestos-containing products "for truck brakes"). Eaton objects to Avondale's reliance on this testimony on grounds of hearsay and relevance. R. Doc. 229, p. 1. At the summary judgment stage, however, a court may consider materials that can be presented in admissible form at trial. *See* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *Lee v. Offshore Logistical and Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 Moore's Federal Practice–Civil ¶ 56.91 (2017)) ("Although the substance or content of the evidence submitted to support a dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial."). Moreover, because the cited testimony was given by Eaton's corporate representative, J. Roger Hobbie, Avondale has demonstrated a plausible basis for admissibility at trial as a statement of a party opponent. *See* Fed. R. Evid. 801(d)(2). The Court therefore considers the testimony for purposes of Eaton's Motion and need not definitively resolve Eaton's evidentiary objections at this stage.

Viewing the evidence in the light most favorable to Plaintiffs and Avondale, the Court cannot conclude that no reasonable juror could find that Mr. Hotard was exposed to asbestos-containing Eaton or Cutler-Hammer products. Eaton emphasizes portions of Mr. Hotard's testimony associating Eaton brakes with passenger vehicles and Cutler-Hammer clutches with cars

and trucks. However, the record, taken as a whole, also reflects that Mr. Hotard performed brake and clutch work on a broad range of vehicles and equipment over many years, including tracks and heavy equipment, and he repeatedly identified Eaton and Cutler-Hammer products in connection with that work. The competing evidence submitted by the parties creates factual disputes regarding the nature of the products Mr. Hotard encountered and whether those products contained asbestos attributable to Eaton or Cutler-Hammer.

These disputes are material because they bear directly on product identification and exposure, both of which are essential elements of Plaintiffs' and Avondale's claims. At this stage, the Court may not weigh competing evidence nor draw inferences in Eaton's favor regarding the scope and meaning of Mr. Hotard's testimony. *See Delta & Pine Land Co.*, 530 F.3d at 398-99.

Eaton further argues that Plaintiffs and Avondale cannot establish that any alleged exposure to Eaton or Cutler-Hammer products was a substantial factor in causing Mr. Hotard's mesothelioma. R. Doc. 229, pp. 6-7; R. Doc. 228, pp. 6-7. The Court likewise finds that genuine disputes of material fact preclude summary judgment on this issue. Mr. Hotard testified that he regularly performed sanding, grinding, and compressed-air cleaning of brake and clutch components over an extended period of time, creating visible dust which he inhaled. R. Doc. 223-2, pp. 60-66, 85-92. Whether those exposures occurred through asbestos-containing Eaton or Cutler-Hammer products, and whether such exposures were a substantial contributing factor in causing Mr. Hotard's illness, are questions appropriately resolved by the trier of fact on the present record. *See Borel v. Fibreboard Paper Prods. Corp.*, 493 F.2d 1076, 1094 (5th Cir. 1973), *cert. denied*, 419 U.S. 869 (1974) (stating that in an asbestos case, "[w]hether the defendant's conduct

9

was a substantial factor is a question for the jury, unless the court determines that reasonable men could not differ").

Because genuine disputes of material fact remain regarding whether Mr. Hotard was exposed to asbestos-containing Eaton or Cutler-Hammer products and whether any such exposure was a substantial factor in causing his mesothelioma, Eaton has not demonstrated that it is entitled to summary judgment. The Court expresses no view on whether Plaintiffs and Avondale will ultimately carry their respective burdens at trial. It concludes only that the record, when viewed in the light most favorable to the nonmoving parties, presents genuine disputes of material fact as to whether Mr. Hotard encountered asbestos-containing Eaton or Cutler-Hammer products during his work as a mechanic and whether any resulting exposure was a substantial factor in causing his mesothelioma. These questions are properly reserved for the jury. Therefore, Eaton's motion is DENIED.

Accordingly,

**IT IS ORDERED** that Eaton Corporation's Motion for Summary Judgment (R. Doc. 220) is **DENIED**.

New Orleans, Louisiana, this 16th day of June 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

10